IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.B. | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| St. Charles County, Missouri, | ) |
| | ) |
| and | ) |
| | ) |
| Jason King, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

1.  On or about November 14, 2007, Plaintiff D.B. was driving through St. Charles County, Missouri when Defendant Jason King (hereinafter "King"), who was a Deputy Sheriff with the St. Charles County Sheriff's Department unlawfully seized her, arrested and detained her, and caused her to be subjected to unwanted sexual contact and conduct.

2.  This is a civil action seeking damages against Defendant King, for committing acts, under color of law, that deprived Plaintiff of rights secured under the Constitution and laws of the United States, and against the County of St. Charles, Missouri (hereinafter "County") for, among other things, its failure to adequately instruct, supervise, control and discipline employees of the St. Charles Sheriff's Department. As a direct and proximate result of Defendants' actions, Plaintiff suffered constitutional injuries, personal injuries, mental and emotional distress, and other pain, suffering, harm, and damages. In addition to her federal constitutional claims, Plaintiff asserts claims under Missouri common law.

## PARTIES

3. Plaintiff D.B. is and was at all times referred to herein a citizen and resident of the County of St. Louis, the State of Missouri, and the United States of America.

4. At all times referred to herein, Defendant Jason King was a law enforcement officer, certified and licensed as such in the State of Missouri, and employed as a Deputy Sheriff by the St. Charles County Sheriff's Department.

5. At all times referred to herein, Defendant King was acting under color of law.

6. Plaintiff sues Defendant Jason King in his individual capacity.

7. At all times referred to herein, Defendant St. Charles County, Missouri was and is a governmental subdivision organized and existing in accordance with the laws of the State of Missouri.

## JURISDICTION

8. Plaintiff D.B. claims violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, for which she seeks redress pursuant to 42 U.S.C. §§ 1983 and 1988.

9. The events giving rise to Plaintiff's federal claims also give rise to claims under Missouri state law.

10. This Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343 (civil rights jurisdiction), and 1367 (supplemental jurisdiction).

## VENUE

11. Venue is proper in this Court in that the events giving rise to Plaintiff's claims took place within the Eastern District of Missouri.

## FACTS

12.     On or about November 14, 2007, Plaintiff D.B. was driving through St. Charles County, Missouri.

13.     Defendant King activated the emergency lights in his patrol vehicle and caused Plaintiff to bring her vehicle to a stop on the side of the road.

14.     Defendant King took Plaintiff into custody and detained her in his patrol vehicle.

15.     Defendant King searched Plaintiff's vehicle and allegedly located contraband.

16.     Defendant King then confronted Plaintiff and threatened her.

17.     Defendant King then made demands for sexual favors and sexual activities.

18.     Defendant King subjected plaintiff to sexual and other prurient activity against Plaintiff's will and without Plaintiff's consent.

19.     Defendant subsequently released Plaintiff.

## CAUSES OF ACTION

## COUNT I

### DEPRIVATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983 (AGAINT DEFENDANT KING)

For her cause of action in Count I, Plaintiff states:

20.     Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 19.

21.     The conduct of Defendant King, as described herein, violated Plaintiff's right to be secure in her person against unreasonable seizures of her person, which right is secured by the Fourth Amendment to the United States Constitution and incorporated against state and local governments by the Fourteenth Amendment.

22. As a direct result and consequence of the conduct of Defendant King, Plaintiff suffered injuries and damages.

23. The conduct of Defendant King was intentional and malicious or was in reckless disregard of the rights of Plaintiff and therefore, Plaintiff is entitled to punitive damages against Defendant King.

24. If Plaintiff prevails, she is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant King for damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as is just and proper.

## COUNT II

### DEPRIVATION OF PLAINTIFF'S RIGHTS SECURED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983 (AGAINT DEFENDANT KING)

For her cause of action in Count II, Plaintiff states:

25. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 24.

26. The conduct of Defendant King, as described herein, also violated Plaintiff's rights to liberty, bodily integrity, and privacy, including the right to be free from unwanted sexual activity, which rights are secured by the Fourteenth Amendment to the Constitution.

27. As a direct result and consequence of the conduct of Defendant King, Plaintiff suffered injuries and damages.

28. The conduct of Defendant King was intentional and malicious or was in reckless disregard of the rights of Plaintiff and therefore, Plaintiff is entitled to punitive damages against Defendant King.

29. If Plaintiff prevails, she is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant King for damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as is just and proper.

## COUNT III

### FALSE IMPRISONMENT COGNIZABLE UNDER STATE LAW
### (AGAINST DEFENDANT KING)

For her cause of action in Count III, Plaintiff states:

30. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 29.

31. Defendant King intentionally detained or restrained Plaintiff against her will and without legal justification.

32. As a direct result of the conduct of Defendant King, Plaintiff suffered damages.

33. Defendant King's conduct was outrageous because of his evil motive or reckless indifference to the rights of others and therefore, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount that is fair and reasonable, for punitive damages and for such further relief as is just and proper.

## COUNT IV

### ASSAULT COGNIZABLE UNDER STATE LAW
### (AGAINST DEFENDANT KING)

For her cause of action in Count IV Plaintiff states:

34. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 33.

35. Defendant intentionally caused Plaintiff to be in apprehension of offensive contact by his statements, posture, conduct and show of authority.

36. As a direct result of the conduct of Defendant, Plaintiff suffered damages.

37. Defendant's conduct was outrageous because of his evil motive or reckless indifference to the rights of others and therefore, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount that is fair and reasonable and for punitive damages and for such further relief as is just and proper.

## COUNT V

### MUNICIPAL LIABILITY OF ST. CHARLES COUNTY COGNIZABLE UNDER 42 U.S.C. § 1983 (AGAINST ST. CHARLES COUNTY)

For her cause of action in Count V, Plaintiff states:

38. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 37.

39. There exist within the County of St. Charles, Missouri policies or customs, practices and usages that are so pervasive that they constitute the policy of the County and caused the constitutional deprivations suffered by Plaintiff as aforedescribed.

40. The County is vested with the authority and has the duty to screen, train, supervise, discipline and otherwise control the officers of the St. Charles County Sheriff's Department.

41. The County has failed to screen, train, supervise, discipline, and control the officers and agents of the St. Charles Sheriffs Department and has failed to act in the face of transgressions of which the County had or should have had knowledge.

42. As a direct and proximate result of these failures, and as a direct and proximate result of the constitutional deprivations perpetrated by Defendant King, Plaintiff suffered constitutional injuries, seizure of her person, and assault.

43. The County condoned and otherwise tolerated constitutional violations by its officers, including the constitutional violations alleged in this complaint. Had the County acted to properly supervise its officers, or discipline its officers when they violated the constitution, the acts of Defendant King, as described herein, would not have occurred.

44. In their failures as aforedescribed, the County intentionally disregarded known facts or alternatively was deliberately indifferent to a risk of the constitutional violation of which they had or should have had knowledge and their culpability caused the constitutional violations suffered by Plaintiff.

45. If Plaintiff prevails, she is entitled to an award of attorney fees pursuant to 42 U.S.C. section § 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in an amount that is fair and reasonable and for punitive damages and for such further relief as is just and proper.

Respectfully Submitted,
11 April 2012

**THE RYALS LAW FIRM, P.C.**

_/s/ Stephen M. Ryals_
Stephen M. Ryals
Fed. Reg. No. 10602, MBE# 34149
3120 Locust Street
St. Louis, MO 63103
Telephone: (314) 862-6262
Facsimile: (314) 880-2027
Email: ryals@rblawstl.com