# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| D.B., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 4:12-CV-654-JAR |
| v. | ) ) ) | |
| ST. CHARLES COUNTY, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents [ECF No. 33] and Motion to Compel Sheriff Tom Neer to Answer Certified Deposition Questions [ECF No. 34], and Defendant St. Charles County's Motion for an Order to Compel Disclosure. [ECF No. 37]

In response to Plaintiff's motion to compel production of documents, Defendant St. Charles County states that counsel hand delivered the requested documents, subject to its objections, to Plaintiff's counsel the morning of August 7, 2013. (Doc. No. 36) Plaintiff replies that Defendant County has waived any objections to her request for production by failing to respond within thirty days of being served, pursuant to Fed.R.Civ.P. 34. (Doc. No. 38) In response to Plaintiff's reply, counsel for Defendant County states that Plaintiff's request for production was sent to Joann Leykam on or about April 11, 2013, that counsel for Plaintiff was informed on or about April 16, 2013 of a change of counsel for Defendant County on this case, and that new counsel did not receive any direct contact from Plaintiff's attorneys until it was time to schedule Sheriff Neer's deposition. (Doc. No. 39)

Given the facts and circumstances of this case, the Court finds there has been no waiver of objections by Defendant County. Plaintiff's request for production was emailed to Joann Leykam On April 11, 2013. (Doc. No. 33-1) Counsel for Plaintiff was advised in April of a change of counsel on this case; however, new lead counsel Beverly Temple received no notification of the pending document requests until Friday, July 26, 2013, when the email was forwarded to her. (Doc. No. 33-2) While Sheriff Neer's deposition was rescheduled twice, no effort was made by Plaintiff to obtain the requested documents from Defendant County.

**Motion to compel production of documents**

The Court has reviewed the request for production of documents directed at Defendant County and Defendant County's objections and makes the following rulings:

**Request for Production No. 1**: Plaintiff requests the personnel files or records of Defendant Jason King. Defendant County has responded to this request.

**Request for Production No. 2**: Plaintiff requests the files or records concerning any complaint, charge or allegation, whether lodged by a law enforcement officer or non-law enforcement officer, about or against Jason King. Defendant County has responded to this request.

**Request for Production No. 3**: Plaintiff requests the files or records (excluding those that are protected by the attorney-client privilege) that refer in any manner to the incident that is the subject of this lawsuit – specifically, but not limited to, the actions, inactions, or conduct of Jason King before, during or after his encounter with Plaintiff D.B. In response, Defendant County states it did not conduct an investigation of the incident, and therefore, has no files or records. The Court finds this response sufficient and provides no basis for an order to compel.

**Request for Production No. 4**: Plaintiff requests a list, for the past 7 years, containing statistics about the internal affairs function of the St. Charles County Sheriff's department, including, but not limited to the number of complaints, the classification or characterization of the complaints and the disposition of the complaints. Defendant County objects on the grounds that the request is overly broad, and not reasonably calculated to lead to discoverable, admissible evidence at trial because a Monell claim takes past behavior into account, and not necessarily behavior following the incident in question. (Doc. No. 36-1, p. 2) Upon consideration, the Court will grant Plaintiff's motion to compel in part and order Defendant County to produce such a list for the period from January 2006 through December 2007.

**Request for Production No. 5**: Plaintiff requests the files or records, for the past 7 years, of each member of the St. Charles County Sheriff's Department whose employment terminated in the past seven years, whether by involuntary termination, resignation in lieu of termination, or resignation while under charges or during an investigation into the conduct of such member, along with identification of the substance of any charges or investigation against such member. Defendant County has responded to this request.

**Request for Production No. 6**: Plaintiff requests the Files or Records, for the past 7 years, of or concerning each sworn member of the St. Charles County Sheriff's Department who has been the subject of any complaint, including criminal complaint, and whether the complaint was lodged by a law enforcement officer or non-law enforcement officer, along with the substance of the complaint and the disposition of the complaint. Defendant County has responded to this request with records from January 2006 through December 2007 because a Monell claim does not encompass future conduct, only past. Because Plaintiff's request is overly

broad and not reasonably calculated to lead to discoverable, admissible evidence at trial, the Court finds Defendant County's response sufficient and provides no basis for an order to compel.

**Request for Production No. 7**: Plaintiff requests the files or records of all internal investigations by the St. Charles County Sheriff's Department, in the past 7 years. Defendant County objects on the grounds of attorney-client privilege, and on the grounds that release of such information would violate the Missouri Sunshine Law, specifically § 610.021.3, RSMo. 2000. Defendant County cites no authority for its position on the Sunshine Law. Further, a plaintiff alleging police misconduct and a municipal policy condoning such alleged misconduct is generally entitled to discovery of the internal affairs investigations conducted regarding the incident complained. See, *Rohrbough v. Hall*, Case No. 4:07-cv-00996-ERW (Doc. No. 43) (E.D. Mo. Sept. 18, 2008). Here, however, Plaintiff's request for seven years of *all* internal affairs documents is overly broad, and not reasonably calculated to lead to discoverable, admissible evidence on her claim arising from an incident in November, 2007. Accordingly, the Court will not compel Defendant County to produce the requested documents.

**Request for Production No. 8**: Plaintiff requests the files or records of all criminal investigations conducted by the St. Charles Sheriff's Department concerning any member of the St. Charles County Sheriff's Department, in the past 7 years. Defendant County responds that it never conducts investigations of its deputies to avoid even the appearance of impropriety, bias, and/or a conflict of interest. The Court finds this response sufficient and provides no basis for a motion to compel.

**Request for Production No. 9**: Plaintiff requests all training and certification files or records of Jason King. Defendant County has responded to this request.

**Request for Production No. 10**: Plaintiff requests a list that contains identifying information (Plaintiff, all Defendants, cause number, court) for each lawsuit filed against St. Charles County or any member of the St. Charles County Sheriff's Department in the past 7 years arising from any conduct, action or inaction of a member of the St. Charles County Sheriff's Department wherein the allegations arose from action or inaction of the member while on duty or while exercising the power of the member's office as a sworn peace officer even though the member was not on duty. This request includes, but is not limited to, suits in which the member was alleged to have been acting under color of law. Defendant County responds that Plaintiff has equal access to this information on PACER or Casenet as lawsuits are open, public records. Further, Defendant County states that it does not necessarily keep a list of the information requested, so it too would be required to perform a PACER and Casenet inquiry. The Court will order Defendant County to produce any records it may have responsive to this request.

**Request for Production No. 11**: Plaintiff requests the files or records that comprise the manuals, regulations, directives, general orders, special orders, memoranda or other source, whether printed or electronically disseminated, concerning the operation of the St. Charles Sheriff's Department and/or the conduct, actions or inactions of the members of the St. Charles County Sheriff's Department in the past 7 years. Defendant County has responded to this request.

**Motion to compel Sheriff Tom Neer to answer certified questions**

In her motion to compel Sheriff Neer to answer certified deposition questions, Plaintiff seeks answers to three certified questions concerning an internal affairs investigation and/or discipline of Christopher Hunt, an employee of the St. Charles County Sheriff's Department,

arising from a 2009 incident leading to his conviction for burglary, assault and property damage. Upon consideration, the Court will deny Plaintiff's motion. In support of her motion, she relies in part on an order issued by Judge Weber in *Rohrbough v. Hall*, Case No. 4:07-cv-00996-ERW (Doc. No. 43) (E.D. Mo. Sept. 18, 2008), ordering disclosure of a number of internal affairs documents. In his order, Judge Weber instructed that "a plaintiff alleging misconduct by police officers and a municipal policy condoning such alleged misconduct is entitled to discovery of the internal affairs investigations conducted by the police department *regarding the incident of which he complains and regarding other similar incidents involving the police department or the individual police officers about whom plaintiff complains*." (Doc. No. 43, pp. 1-2) (Emphasis added). The information Plaintiff is seeking about Christopher Hunt is tangential, remote in time and unrelated in any way to the present case and Plaintiff's allegations against Jason King. As such, these answers are not reasonably calculated to lead to discoverable, admissible evidence at trial.

**Motion to compel Defendant Jason King to answer certified questions**

In its motion to compel Defendant King to answer certified deposition questions, Defendant County seeks answers to two certified questions concerning the identity of a supervisor who offered him Cardinals tickets in exchange for "taking care of" a DWI. At first King testified that he did not want to say who the supervisor was. He later testified he could not recall who offered him Cardinals tickets. Under these circumstances, the Court cannot compel a witness to answer a question when he says he cannot recall.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents [33] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Sheriff Tom Neer to Answer Certified Deposition Questions [34] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant St. Charles County's Motion for an Order to Compel Disclosure [37] is **DENIED**.

**IT IS FURTHER ORDERED** that the August 8, 2013 discovery deadline is extended up to and including **Tuesday, August 13, 2013** for the limited purpose of complying with the Court's order.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 8th day of August, 2013.