UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D. B., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:12-CV-00654-JAR |
| ) | |
| ST. CHARLES COUNTY, MISSOURI; ) | |
| and JASON KING, ) | |
|     Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
ST CHARLES COUNTY GOVERNMENT'S MOTION
FOR SUMMARY JUDGMENT**

Plaintiff D.B. filed this action pursuant to *42 U.S.C. §1983* against various defendants, including St. Charles County, Missouri. In Count V of the Complaint, Plaintiff alleges that within the County of St. Charles, there exist policies or customs, practices and usages which are so pervasive that they constitute the policy of St. Charles County and caused the Constitutional deprivations suffered by D.B.

Plaintiff claims that the County is liable to her on four alternative theories: (1) that the County failed to screen, train, supervise, discipline, and control the officers and agents of the St. Charles County Sheriff's Department and has failed to act in the face of transgressions of which the County had or should have had knowledge; (2) that as a direct and proximate result of these failures, and as a direct and proximate result of the Constitutional deprivations perpetrated by Defendant King, Plaintiff suffered Constitutional injuries, seizure of her person, and assault; (3) that the County intentionally disregarded known facts or alternatively

was deliberately indifferent to a risk of the Constitutional violation of which they had or should have had knowledge and their culpability caused the Constitutional violations of D.B. and (4) the County condoned and otherwise tolerated Constitutional violations by its officers, including the Constitutional violations alleged in this case. Finally, Plaintiff alleged that had the County properly supervised its officers, or disciplined its officers when they violated the Constitution, the acts of Defendant King would not have occurred. (Doc 1, Count V of the Complaint, pp.6-7)

STANDARD OF REVIEW
FOR SUMMARY JUDGMENT

This Court may grant a motion for summary judgment if all of the information before the Court demonstrates that there is no genuine dispute as to material fact and that the movant is entitled to judgment as a matter of law. ***F.R.Civ.P 56( c); Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986).*** The initial burden of proof is on the moving party to establish "the non-existence of any genuine issue of fact material to a judgment..." ***City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988).*** Only those factual disputes that might affect the outcome of a case will properly preclude a motion for summary judgment. ***Anderson v. Liberty Lobby, Inc., 477 U.S. 242,248 (1986).*** If the evidence is such that a reasonable jury could return a verdict for the non-moving party, summary judgment is improper. ***Id.***

Once the movant discharges this burden, the burden shifts to the non-moving party who must set forth affirmative evidence and specific facts demonstrating there is a genuine

2

factual dispute on that issue (*See Anderson at 250); Fed.R.Civ P. 56(e)(2)*. by citing to particular parts of materials in the record or by showing that the materials cited do not establish the absence of a genuine dispute *F.R.Civ P. 56 ( c); See Anderson at 247.* When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine issue of material fact exists. *Fed. R. Civ. P 56 ( c); Stone Motor Co., v. Gen. Motors Corp., 293 F. 3d 456,465 (8th Cir. 2002)* Summary judgment is proper if the non-moving party fails to present evidence sufficient to create a jury question regarding an essential element of that party's claim. *Turner v. Honeywell Federal Manufacturing & Technologies, Inc., 336 F. 3d 716, 720 (8th Cir., 2003).* "A mere scintilla of evidence is insufficient to avoid summary judgment." Evidence that is not 'significantly probative' will not suffice; the non-moving party may be required to submit evidence other than 'naked assertions'. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no genuine issue of material fact. *Hufsmith v. Weaver 817 F. 2d 455, 46 n.7 (8th Cir. 1987)(quoting Anderson at 247-248)*. If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co., 943 F. 2d 881, 883 (8th Cir. 1991).* The Court must view the evidence in the light most favorable to the non-moving party. *Crumley v. City of St. Paul, Minn., 324 F. 3d 1003, 1008 (8th Cir. 2003).* In *Gregory v. Dillard's, Inc., 565 F. 3d. 464, 473 (8th Cir. 2009)*. the Eighth Circuit applied *Twombly* in the context of a *42*

*U.S.C. §1981* claim, and determined that the court is not required to create claims not clearly raised in the pleadings. Thus, claims which fail to state a claim under *F.R.Civ.P 12 (b)(6)* should be dismissed as well. Plaintiff, D.B. as a party resisting summary judgment has the burden to designate the specific facts which create a triable question of fact. ***Crossly v. Georgia-Pacific Corp. 355 F. 3d 1112, 1114 (8th Cir. 2004).***

## MUNICIPAL LIABILITY

It is well settled that municipal liability under *§1983*, requires evidence that the municipality caused one or more of its employees to violate a citizen's constitutional right(s) either by policy or custom. ***Monell v. New York City Dept. of Social Services, 436 U.S. 658,694 (1978).*** For D.B. to hold St. Charles County Government liable in her *§1983* action, she "must identify a municipal 'policy' or 'custom' which caused the injury." ***Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397,403 (1997).*** In this case, D.B. asserts four alternative bases for County liability under *§1983*. (Doc 1, Count V of the Complaint, pp.6-7)

### First and Second Alternatives

For her first alternative basis for municipal liability, (Doc 1, Count V of the Complaint, p.7, para. 41) D.B. alleges that the County failed to screen, train, supervise, discipline, and control the officers and agents of the St. Charles Sheriff's Department.. Peace Officers Selection Training ***Chapter 590 RSMo. 2000.*** sets forth the criteria to become certified peace officers. (commonly known as POST among law enforcement officers) The

4

Sheriff's Department has its own set of policies and procedures. **Exhibit A**. The County has a merit system imposed by ordinance pursuant to a mandate by the County Charter. **Charter Art. VII, §7.100 and §7.200.** The County thus has a muti-tiered structure that requires that candidates for employment are screened, and once hired, that deputies are trained, supervised, appropriately disciplined and controlled.

Screening of candidates occurs both through the Human Resources Department and through the Sheriff's Department procedures. The Human Resources Department screens all applicants to ensure that they meet the minimum standards for employment in the St Charles County Sheriff's Department which includes not only POST certification, but also a graduate certificate from a police academy. **Exhibit B Affidavit of Belinda Little**. An example is attached as **Exhibit C.** A list is then sent to the Sheriff's Department where a more intensive background check is performed. **Exhibit D Affidavit of Lt. David Tieffenbrun**

Once hired, deputies are trained, and made aware of the County's ordinances as well as Departmental regulations. During the first week of orientation, members of the St. Charles County Sheriff's Department are given a Policies and Procedures Manual of the Sheriff's Department. **Ex. A** All employees are to update their manuals as changes are made and disseminated. ( Neer T. p. l.) Each patrol deputy receives handgun training, taser training, training in less than lethal force methods of patrolling, defensive driving and mobile data terminal training, attached as **Exhibit E,** prior to being assigned a shift. All training,

5

certifications, files and/or records of Jason King are attached as **Neer Transcript Exhibit 4**. The Sheriff pointed out in his deposition that, "There's a personnel administration program that the county personnel department has. So as far as our policies, we can't create a policy that counters or exceeds the personnel administration program that the county has for all employees." (Neer T. p.18 l.19-25) The Sheriff agreed that as far as operational policies, i.e., use of force, internal affairs and the various units within the sheriff's department, he is responsible for those.

St. Charles County is a county government with a charter form of government and a political subdivision of Missouri. ***St. Charles County Charter Art. I, §1.501 OSCCMo. 1994,*** states that St. Charles County shall have all powers possible for a County to have under applicable law, as fully and completely as though they were specifically enumerated in this Charter. These include but are not limited to, powers now or hereafter given by applicable law to this County or any County of whatever class, whether or not St. Charles County would be included therein...and all powers not expressly prohibited by the Constitution or by this Charter. With regard to disciplinary matters, the Charter identifies that all employees of the county are subject to the Merit System, known as the Personnel Administration Plan. **Article VII, §§7.100 and 7.200.** The portion of the Personnel Administration Plan addressing instances in which employees have engaged in abuse of citizens requires that normal progressive discipline be set aside and requires that such employees be subject to immediate and severe discipline. **Section 115.460.B.** Thus, the Charter provides that those officials

who have final policy-making authority on such matters are the County Council. **Article VII, §§7.100 and 7.200 of the St. Charles County Charter,** attached.

The Court in *Clark v. City of Lake St. Louis, 735 F. Supp. 333,335-36 (Mo. E.D. 1990)*. relied on a municipal ordinance to determine that the Lake St. Louis police chief was not the final policy-maker with respect to the City's police department. *Charter Art VII, 7.100* directed the creation of a merit system to cover all employees. *Art. VII, 7.200* directs the merit system to hire and retain employees on their own merit and abilities. The County Council adopted a merit system, including *§115.460 OSCCMo*. which sets forth the manner in which disciplinary action is to be taken. In *§115.460.B OSCCMo*, <u>Exceptions to Progressive Discipline</u>, the ordinance states that, "Some inappropriate behavior...is so prejudicial to the County, that immediate and severe disciplinary action may be warranted without the use of progressive discipline." Examples would include...1. Physical or verbal abuse of a supervisor, fellow employee, or citizen; 2. falsification of official records, and 3. Commission of an act that results in a misdemeanor or felony charges or convictions." Here, Defendant King was guilty of all three.  The acts which Defendant King allowed and perhaps encouraged to take place on Highway 94 would certainly be considered sexually abusive.  Defendant King failed to seize hash and/or drug paraphernalia which D.B. possessed and did not charge her and did not include those facts in reports. Defendant King was charged with acceding to corruption and pled pursuant to Alford to that charge. Therefore, here as in the *Lake St. Louis* case, the sheriff is bound to take immediate and

severe disciplinary action against the employee as a result of the ordinance adopted by the County Council. Final policy authority was granted by the Charter, (Ex. ) to the Council and the policy was set by ordinance. (Ex. )Therefore, under Missouri law and the St. Charles County Charter, D.B.'s first theory of liability for the County fails.

In her second alternative basis for municipal liability, (Doc 1, Count V of the Complaint, p.7 para. 42) D.B. alleges that as a direct and proximate result these failures to screen, train, supervise, discipline, and control the officers, she suffered Constitutional injuries, seizure, and assault. In order for a municipality to be liable for deficient training of its officers, the alleged deficiency in the training procedures must actually cause the plaintiff's injury. ***Andrews v. Fowler, 98 F3d. 1069,1076 (8th Cir 1996).***

The County asserts that it has disproved any and all failures alleged in Count V of the Petition. Further, Defendant King acted outside of the scope of the ordinances of St. Charles County Government, specifically *§115.460.B.3 OSCCMo.*, commission of an act that results in misdemeanor or felony charges or convictions and *Art. X. §10.401* of the Charter which states that "No officer or employee of the County...shall in any manner whatsoever...receive any benefits from. any job, work, activity, function or service for the County...No officer or employee shall knowingly accept any service or thing of value, directly or indirectly from any person" Also, he was notified in a letter dated January 3, 2008, that he violated the Sheriff Department's Rules of Conduct, specifically Chapter 8.8.03 Procedure #14, duty unbecoming an officer and was therefore subject to termination. **Exhibit F** (7pp.) However, he resigned

8

in lieu of termination. **Exhibit G**.

### Third Alternative

St. Charles County Government has never condoned or tolerated Constitutional violations by its Sheriff Department deputies. The fanciful stories Defendant King told were all based upon hearsay, conjecture and rumor because he was not present for any of the stories he related. (King T.II p. ) In order to withstand a motion for summary judgment, the non-moving party "must substantiate his allegations with sufficient probative evidence which would permit a finding in her favor based upon more than mere speculation, conjecture, or fantasy." ***Moody v. St. Charles County, 23 F. 3d 410,412 (8th Cir. 1994).*** Defendant King in his depositions testified ad nauseam to mischief in the Sheriff's Department which the Sheriff either denied or set the record straight. (Neer T.p. 136-153, l. 13-25) Further, Sheriff Neer testified in his deposition that he had reviewed King's deposition transcripts and that his assertions of unequal treatment were not true. (Neer T. pp.61-62, l. 8-19) Moreover, St. Charles County has a prohibition against discrimination, ***Art X, Section 10.100.***

### Fourth Alternative

Plaintiff has not alleged or proven any conduct of St. Charles County Government that is anything other than neutral on its face and serving the ends otherwise within the power of government to pursue. Plaintiff cannot establish the existence of unconstitutional municipal policies which are required before liability will be imposed. ***City of St. Louis v. Praprotnik***,

*485 U.S. 112, 108 (1988).* Plaintiff has failed to allege any acts or omissions of Defendant St. Charles County that links any of the acts alleged against Defendant King with any official action of Defendant St. Charles County Government. The United States Supreme Court held in *Monell at* **2036** that the language of *§1983* cannot be easily be read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship.

In order for the County to be liable to Plaintiff on a claim of failure to supervise, she must establish that the County received notice of a pattern of unconstitutional acts and then demonstrated deliberate indifference to those acts by failing to take remedial action and that such failure proximately caused the injury which Plaintiff suffered. *Doe v. Gooden, 214 F.3d 952, 955 (8th Cir 2000) citing Jane Doe A, 901 F.2d at 645*. Deliberate indifference is a stringent standard of fault. *Shrum ex rel Kelly v. Kluck, 249 F.3d 773 (8th Cir. 2001)* It is noteworthy that Plaintiff did not sue any supervisory personnel.

WHEREFORE, Defendant moves this Court to grant it summary judgment on Plaintiff's Complaint against it and for such other relief as the Court deems just and proper, including attorney's fees and costs .

Respectfully submitted,<br>
OFFICE OF THE ST CHARLES<br>
COUNTY COUNSELOR

        */s/   Beverly E. Temple*
Beverly E. Temple, #36095MO
Assistant St. Charles County Counselor
100 North Third Street, Suite 216
St. Charles, MO 63301
636.949.7540
636.949.7541 (facsimile)
btemple@sccmo.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 6, 2013, a copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to:

| | |
|---|---|
| Stephen J. Ryals | Donald Hood |
| Attorney for Plaintiff | Attorney for Defendant King |
| 3120 Locust Street | P. O. Box 220366 |
| St. Louis, MO 63103 | Kirkwood, MO 63122 |
| Email: ryals@rblawstl.com | hoodlaw@sbcglobal.net |

        */s/ Beverly E. Temple*